UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRADLEY J. PEPER,

    Plaintiff,

    v.

PORT ORCHARD PRISON AUTHORITIES, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05160-BHS-JRC

ORDER RENOTING *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO FILE A NEW PROPOSED COMPLAINT

This matter is before the Court on the application of plaintiff, who is incarcerated, to proceed *in forma pauperis* in this proposed civil rights matter under 42 U.S.C. § 1983. *See* Dkt. 1. Because plaintiff is a prisoner bringing claims against governmental entities and because he seeks to proceed *in forma pauperis*, the Court may *sua sponte* dismiss his claims if his proposed complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e), 1915A. However, the Court will offer plaintiff leave to amend unless amendment would be futile.

1  Plaintiff's proposed complaint states no cognizable claim under § 1983 and contains no plausible factual allegations linking a particular person to an alleged constitutional violation. The undersigned declines to rule on plaintiff's *in forma pauperis* application until plaintiff has submitted a proposed amended complaint that states a colorable claim under § 1983. Failure to comply with this Order by submitting a new proposed complaint on or before **April 10, 2020** will result in the Court recommending denial of the *in forma pauperis* application and dismissal of the matter without prejudice.

**BACKGROUND**

Plaintiff alleges that he is housed at King County Jail. *See* Dkt. 1-1, at 2. He brings claims against Port Orchard prison authorities, whom he identifies as "large Hispanic can't miss him" (apparently a corrections officer) and the sheriff; hospital personnel at three hospitals; and "Fred Meyer." Dkt. 1-1, at 3.

Plaintiff's complaint is largely unintelligible, and to the extent that the Court can discern any claims, it appears that he seeks to bring a claim against the corrections officer for slamming his hand shut in a door, against unknown persons for beating him during incarceration, and against an unknown officer for arresting and searching him in violation of the Fourth Amendment. *See* Dkt. 1-1. Although plaintiff states that he is currently incarcerated, he alleges that he was released from jail after his hand was broken. *See* Dkt. 1-1, at 11. He identifies himself simultaneously as a pretrial, civilly committed, and immigration detainee, and as a convicted and sentenced state prisoner. Dkt. 1-1, at 2.

///

///

## DISCUSSION

To prevail on a claim under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by federal constitutional or statutory law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff fails to specifically identify any particular person acting under state law who violated his constitutional rights. His identification of certain "Port Orchard prison authorities" is inadequate. Although plaintiff names the "sheriff" at one point, he does not identify any particular actions that the sheriff took or how the sheriff was involved in the alleged beatings, false arrest, improper search, or breaking of his hand. Section § 1983 does not make defendants liable for their supervisory roles alone; it requires that a defendant personally participated in the alleged events. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff also names several hospitals and a private company as defendants. Although private companies may be liable under § 1983, a plaintiff must plausibly allege that the entity was acting under color of state law and that, if a constitutional violation occurred, the violation was caused by the entity's official policy or custom. *See Tsao v. Desert Palace*, 698 F.d 1128, 1139 (9th Cir. 2012). Plaintiff does not plausibly allege any facts to show that these entities were acting under color of state law, that there was an official policy or custom at issue, or that the policy or custom violated plaintiff's constitutional rights.

Finally, it is unclear to the Court whether plaintiff was charged with or convicted of any crime related to the allegedly false arrest and unconstitutional search. If plaintiff was convicted of any particular crime related to these actions, then before he can bring his claims for violation of the Fourth Amendment, he must show that his conviction was reversed, expunged, declared invalid, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

As alleged in the complaint, the Court is unable to tell why plaintiff was searched and arrested and whether those charges were dropped, whether charges are pending, or whether plaintiff was convicted of a crime.

## CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF

If plaintiff intends to continue pursuing this civil rights action in this Court, he must file an amended proposed complaint on the form provided by the Court and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional or federal right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional or federal rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

The amended proposed complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

1    The Clerk is directed to send plaintiff the appropriate form for a 42 U.S.C. § 1983 civil
2  rights complaint and a copy of this Order. The Clerk's Office shall re-note plaintiff's application
3  to proceed *in forma pauperis* for consideration on **April 10, 2020.** Plaintiff shall comply with this
4  Order by submitting his amended proposed § 1983 complaint on the form provided by this Court
5  on or before April 10, 2020, or the undersigned will recommend denial of his *in forma pauperis*
6  application and dismissal of this matter without prejudice.

    Dated this 12th day of March, 2020.

                                              J. Richard Creatura
                                              United States Magistrate Judge