UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRADLEY J. PEPER,

     Plaintiff,

  v.

PORT ORCHARD PRISON
AUTHORITIES et al.,

     Defendants.

CASE NO. 3:20-cv-05160-BHS-JRC

ORDER TO SHOW CAUSE OR
AMEND COMPLAINT

This matter is before the Court on its Order Renoting *In Forma Pauperis* Application and Directing Plaintiff to File a New Proposed Complaint and plaintiff's proposed first amended complaint. Dkts. 3, 4

Having reviewed and screened plaintiff's proposed amended complaint under 28 U.S.C. § 1915A, the Court finds that plaintiff's proposed amended complaint states no cognizable claim under 42 U.S.C. § 1983 and contains no plausible factual allegations linking any particular person to an alleged constitutional violation. Accordingly, the Court again declines to rule on plaintiff's application to proceed *in forma pauperis* (Dkt 1) at this time. However, as plaintiff

appears to raise new claims, the Court offers plaintiff additional leave to file amended pleadings by **June 5, 2020**, to cure deficiencies identified herein.

Failure to comply with this Order by submitting a new proposed amended complaint on or before **June 5, 2020,** will result in the Court recommending denial of the *in forma pauperis* application and dismissal of the matter without prejudice.

## BACKGROUND

Plaintiff Bradley J. Peper, who proceeds *pro se* and is currently incarcerated in the King County Jail, initiated this action by filing an *in forma pauperis* application in February 2020. *See* Dkt. 1. Plaintiff claimed that his constitutional rights were violated when corrections officer allegedly slammed his hand shut in a door, when unknown persons allegedly beat him during incarceration, and when an unknown officer allegedly falsely arrested and searched him. *See* Dkt. 1-1. It was unclear from plaintiff's proposed complaint whether plaintiff was charged with or convicted of any crime related to the allegedly false arrest and unconstitutional search. *See* Dkt. 3, at 3.

The Court subsequently directed plaintiff to file an amended proposed complaint if he intended to pursue the 42 U.S.C. § 1983 civil rights action. *See* Dkt. 3, at 4. The Court also cautioned plaintiff that if he was convicted of a crime related to the actions alleged in his proposed complaint (Dkt. 1-1), then he must show that his conviction was reversed, expunged, declared invalid, or otherwise called into question before he could bring claims for violation of the Fourth Amendment. Dkt. 3, at 3.

On April 10, 2020, plaintiff filed a proposed amended complaint. Dkt. 4. Plaintiff now brings claims against Port Orchard prison authorities, whom he identifies as "Hector" (a prison

guard) and unnamed "trained prison officials"; arresting officers; and a hospital where plaintiff's hand was treated. Dkt. 4, at 1, 3. Plaintiff now asserts the following claims:

(1) Violation of the First Amendment based on inability to receive mail. Plaintiff provides no additional factual support as to why his alleged inability to receive mail violated the First Amendment, nor does plaintiff identify any individual allegedly responsible for this deprivation;

(2) Violation of the Second Amendment based on "gun rights against crime in [A]merica." Plaintiff alleges this constitutional violation happened during a different time period; however, he does not identify how his rights under the Second Amendment were allegedly violated, nor does he identify any individual allegedly responsible for such a deprivation;

(3) Violation of the Fourth Amendment based on false arrest and unconstitutional search and seizure "on which criminal charges are based." Plaintiff specifically alleges that in June or July 2017, two unnamed Port Orchard officers falsely arrested him and conducted an unconstitutional search and seizure of his personal property at a Starbucks Coffee store location. Plaintiff further alleges that he was released from Port Orchard Jail, but he was later "rebooked." It is unclear whether plaintiff's subsequent incarceration is related to his arrest in June or July 2017 or whether the earlier charges were dropped; and

(4) Violation of the Eighth Amendment because "trained prison officials" allegedly broke plaintiff's hand and were allegedly deliberately indifferent to plaintiff's medical needs. Plaintiff specifically alleges that "before [his] hand was broke[n] – [he] was cooperative." Plaintiff further alleges that after his hand was broken, he "pass[ed] out

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 3

1 from pain" and was "ignored until [prison officials] felt sorry for [him]" and
2 "released [him]." Plaintiff alleges that he complained and asked for medical
3 attention, but his complaint was "refused."
4 Dkt. 4, at 4–7. Plaintiff also appears to raise a disability discrimination claim under 28 C.F.R. §
5 35.130(b)(7) and the Americans with Disabilities Act. *See id.* at 8. Plaintiff does not allege any
6 facts regarding allegedly discriminatory acts by the named defendants. Plaintiff also includes a
7 "habeas corpus petition" in the proposed amended complaint related to alleged violations of the
8 Fourth Amendment. *Id.* at 7. Plaintiff identifies himself simultaneously as a pretrial and civilly
9 committed detainee. *Id.* at 2.

**DISCUSSION**

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by federal constitutional or statutory law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In the proposed amended complaint (Dkt. 4), plaintiff again fails to specifically identify any particular person acting under state law who violated his constitutional or statutory rights. His identification of certain "prison authorities" is inadequate. Although plaintiff names "Hector, a prison guard" at one point, he does not identify any particular actions that "Hector" took or how "Hector" was involved in the alleged false arrest, improper search and seizure, breaking of his hand, deprivation of mail, or any discriminatory acts. Section 1983 does not make defendants liable for their official or supervisory roles alone; it requires that a defendant personally participated in the alleged events. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

1        Plaintiff again names a hospital as a defendant to this action, yet plaintiff fails to
2 plausibly allege any facts that the hospital was acting under color of state law, that there was an
3 official policy or custom at issue, or that the policy or custom violated plaintiff's constitutional
4 rights.  In order to pursue a 42 U.S.C. § 1983 claim against a hospital (if a private entity),
5 plaintiff must plausibly allege that the entity was acting under color of state law and that, if a
6 constitutional violation occurred, the violation was caused by the hospital's official policy or
7 custom.  *See Tsao v. Desert Palace*, 698 F.d 1128, 1139 (9th Cir. 2012).
8        Additionally, it remains unclear to the Court whether plaintiff is challenging the validity
9 of his continued pretrial detention under pending charges or whether he is challenging a prior
10 charge and/or conviction of any crime related to the allegedly false arrest and unconstitutional
11 search and seizure.  Plaintiff alleges that he was released after arrest in or about June or July
12 2017; however, he was rebooked on a later date.  Dkt. 4, at 5.  As alleged in the proposed
13 amended complaint, the Court is unable to determine why plaintiff was searched and arrested
14 and whether those charges were dropped, whether charges are pending, or whether plaintiff was
15 convicted of a crime.  Plaintiff also appears to merge a habeas petition with his 42 U.S.C. § 1983
16 civil rights complaint.  *See* Dkt. 4, at 7.
17        If plaintiff is seeking damages resulting from an allegedly invalid arrest or pretrial
18 detention, and he has been convicted of a crime related to these actions, he must show that his
19 conviction was reversed, expunged, declared invalid, or otherwise called into question before he
20 can bring his claims for violation of the Fourth Amendment.  *See Heck v. Humphrey*, 512 U.S.
21 477, 486–87 (1994).  Alternatively, if plaintiff seeks damages as a result of an allegedly false
22 arrest, and he has not been convicted of any crime related to that arrest, plaintiff must show that
23 the allegedly false arrest has not resulted in any conviction of a crime.  *See Wallace v. Kato*, 549
24

U.S. 384, 393 (2007) (discussing that the rule in *Heck v. Humphrey*, 512 U.S. at 486–87, does not bar a claim for damages under 42 U.S.C. §1983 where there has been no conviction).

If plaintiff is challenging the validity of his continued pretrial detention/physical confinement and seeking release from custody, this claim must be raised in a habeas corpus petition under 28 U.S.C. § 2241 rather than a 42 U.S.C. § 1983 complaint. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation marks and citation omitted). Section 2241(c)(3) permits federal courts to grant relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); *see also McNeely v. Blanas,* 336 F.3d 822, 824 n. 1 (9th Cir. 2003). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and citation omitted).

Thus, while it is unclear from the proposed amended complaint, to the extent plaintiff challenges the fact of his custody and seeks immediate release, his claims are properly raised in a 28 U.S.C. § 2241 petition, not a 42 U.S.C. § 1983 complaint.

**CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF**

If plaintiff intends to continue pursuing this civil rights action in this Court, he must file an amended proposed complaint on the form provided by the Court and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional or federal right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the

individual is connected to the violation of plaintiff's constitutional or federal rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

The amended proposed complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

To the extent plaintiff, as a pretrial detainee, seeks immediate release from custody, he may file a separate 28 U.S.C. § 2241 habeas petition challenging the fact or duration of his custody on the form provided by the Court.

The Clerk is directed to send plaintiff the appropriate forms for a 42 U.S.C. § 1983 civil rights complaint and a 28 U.S.C. § 2241 habeas petition and a copy of this Order. The Clerk's Office shall re-note plaintiff's application to proceed *in forma pauperis* for consideration on **June 5, 2020.** Plaintiff shall comply with this Order by submitting his amended proposed 42 U.S.C. § 1983 complaint on the form provided by this Court on or before **June 5, 2020**, or the

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 7

1  undersigned will recommend denial of his *in forma pauperis* application and dismissal of this

2  matter without prejudice.

3  Dated this 5th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 8