UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRADLEY J. PEPER,<br><br>                Plaintiff,<br><br>    v.<br><br>PORT ORCHARD PRISON AUTHORITIES, *et al.*,<br><br>                Defendants. | CASE NO. 3:20-cv-05160-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  August 7, 2020 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 2. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR3 and MJR4.

This matter is before the Court on the undersigned's Order to Show Cause or Amend Complaint and Order to Update Address. *See* Dkts. 5, 7. Plaintiff, proceeding *pro se*, has not responded to the Court's orders, despite that the deadline to do so was on July 7, 2020. *See* Dkt. 7. Because plaintiff failed to timely respond to the Court's order to show cause (Dkt. 5) and

REPORT AND RECOMMENDATION - 1

order to update his address (Dkt. 7), the undersigned recommends denying plaintiff *in forma pauperis* application and dismissing this action without prejudice.

## BACKGROUND

In his proposed amended complaint, plaintiff alleges that two unnamed Port Orchard officers violated his Fourth Amendment rights when defendants allegedly falsely arrested plaintiff and conducted an allegedly unlawful search and seizure of plaintiff's personal property, for which plaintiff was subsequently charged. *See* Dkt. 4–7. Plaintiff further alleges that unnamed Port Orchard prison officials violated his Eighth Amendment rights when they allegedly broke plaintiff's hand and were deliberately indifferent to plaintiff's medical needs. *See id.* at 6–7. Plaintiff further alleges that his First Amendment rights were violated based on plaintiff's inability to receive mail and that his Second Amendment rights were violated based on "gun rights against crime in [A]merica." *Id.*, at 4–5, 7. Plaintiff also appears to raise a disability discrimination claim and a "habeas corpus petition" in the proposed amended complaint. *See id.*, at 7–8.

On May 5, 2020, the Court ordered plaintiff to amend his proposed complaint on the basis that he failed to identify any particular person acting under state law who allegedly violated his constitutional or statutory rights, nor did plaintiff allege sufficient facts demonstrating how each defendant personally participated in the alleged deprivations. *See* Dkt. 5, at 4. Specifically, the Court warned plaintiff that if he failed to amend his proposed complaint or adequately address the issues raised in the order to show cause on or before June 5, 2020, the undersigned would recommend denial of his *in forma pauperis* application (Dkt. 1) and dismissal of the action without prejudice pursuant to 28 U.S.C. § 1915A. *See* Dkt. 5, at 7–8. However, the Court's order was returned because plaintiff failed to update his address. *See* Dkt. 6.

1       On June 2, 2020, the Court directed plaintiff to update his address and respond the to the

2 show cause order (Dkt. 5) on or before July 7, 2020.  The Court informed plaintiff that a party

3 proceeding *pro se* must keep the Court and opposing parties advised as to his current mailing

4 address.  *See* Dkt. 7, at 2; LCR 41(b)(2).  The Court warned plaintiff that if he failed to notify the

5 Court of his current and respond the show cause order (Dkt. 5), the undersigned would

6 recommend denial of plaintiff's *in forma pauperis* application (Dkt. 1) and dismissal of this

7 action without prejudice.  *See* Dkt. 7.

8       Plaintiff has not updated his address or taken any other action in this matter since sending

9 the Court his proposed complaint in April 2020.  *See* Dkt.  As such, plaintiff's *in forma pauperis*

10 application (Dkt. 1) should be **DENIED**, and this matter should be **DISMISSED WITHOUT**

11 **PREJUDICE** in accordance with Local Civil Rule 41(b)(2).

12       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

14 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15 review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver

16 of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

17 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

18 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 7,**

19 **2020,** as noted in the caption.

20       Dated this 21st day of July, 2020.

J. Richard Creatura
United States Magistrate Judge